

> Application granted. The Court will address Defendant's motion at the initial pre-trial conference scheduled for June 13, 2012 at 10:00 a.m.
>
> SO ORDERED:
>
> _William H. Pauley III_
> WILLIAM H. PAULEY III U.S.D.J.
> 6/4/12

**LOEB & LOEB LLP**

JONATHAN ZAVIN
Partner

345 Park Avenue
New York, NY 10154

Direct 212.407.4161
Main 212.407.4000
Fax 212.658.9105
jzavin@loeb.com

May 29, 2012

Via Messenger

Hon. William H. Pauley
United States District Judge
United States District Court
500 Pearl Street, Room 2210
Courtroom 11D
New York, NY 10007

Re: *Hallford v. Fox Entertainment Group, Inc., et al.*, Case No. 12-civ-1806 (WHP)

Dear Judge Pauley:

We represent Fox Entertainment Group, Inc. ("Fox"), the only defendant thus far served in the above-referenced action. We write pursuant to § III.A of the Court's Individual Rules of Practice, to request a pre-motion conference in connection with Fox's intended motion to dismiss the Complaint in this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fox was served with Plaintiff Everette Hallford's ("Plaintiff") Complaint by certified mail on April 17, 2012, and Fox's response to the Complaint would have been due on May 30, 2012 (Doc. Entry 3), except for the automatic extension provided for by § III.A.iii of the Court's Individual Rules. The basis for Fox's motion is set forth briefly below.

This is a copyright infringement case, in which Plaintiff contends that the pilot episode for the network series *Touch*, released by Fox's wholly-owned subsidiary Twentieth Century Fox Film Corp., infringes his unpublished screenplay, titled *Prodigy* (the "Screenplay"). However, a simple comparison of the works at issue reveals that there is no possible legally cognizable "substantial similarity" between *Touch* and the protectible elements of Plaintiff's Screenplay.

It is well-settled in this Circuit that copyright claims can, and should, be dismissed at the pleading stage "either because the similarity between two works concerns only non-copyrightable elements of the plaintiff's work, or because no reasonable jury, properly instructed, could find that the two works are substantially similar." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 63 (2d Cir. 2010). It is equally well-settled that, when addressing such a motion in a copyright infringement matter, the court should not assume the truth of allegations of similarities between the works; rather it must make its own determinations of similarity (or lack thereof) based upon its own comparison of the subject works, as documents incorporated by reference into the complaint. *See, e.g., id.*

In assessing substantial similarity, courts must examine the works as a whole and consider such aspects of the works as their "total concept and feel, theme, characters, plot, sequence, pace and setting," taking care to inquire "only whether the *protectible elements, standing alone,*



are substantially similar." *Williams v. Crichton*, 81 F.3d 581, 588 (2d Cir. 1996). Here, when the works are actually compared, it is clear that any "similarities" emanate from the fact that, at a very general level, both works feature a young boy with special perceptual abilities pertaining to the "interconnectedness" of things. However, this concept is the essence of an unprotectible idea, and any superficial overlap between the works resulting from such a shared concept cannot give rise to an infringement claim. *See Williams*, 84 F.3d at 587 (it is a "principle fundamental to copyright law that a copyright does not protect an idea, but only the expression of an idea"). Moreover, as a review of the works will demonstrate, the respective treatment of these underlying concepts is wholly dissimilar.

Nor is there any substantial similarity between the protectible elements of the works. Again, a cursory comparison of Plaintiff's Screenplay and *Touch* will reveal that they are wholly dissimilar in total concept and feel, theme, characters, plot, sequence, pace and setting. *Touch* is a fast-paced drama with multiple storylines, tied together by a boy who – with his father's help – uses his ability to see patterns and connections in the universe to connect lives that "need to touch," in order to avert tragedies, ease people's pain, and fulfill dreams. Plaintiff's screenplay, by contrast, is a mono-plot linear story involving in which a newspaper reporter and his subject for a story – a young "autistic savant" – uncover how a potential train accident was avoided in the past.

Plaintiff attempts to avoid this reality by cobbling together a list of scattered purported "similarities" between the works. However, courts have repeatedly observed that such "scattershot" listings of random similarities scattered throughout works cannot support a claim of copyright infringement, as such lists are "inherently subjective and unreliable" and fail to address the underlying issue of whether the works, as a whole, are substantially similar to one another. *Williams*, 84 F.3d at 590 (collecting cases). Moreover, almost all of Plaintiff's purported "similarities" are false – based on gross misrepresentations or mischaracterizations of the works – and the few remaining "similarities" relate entirely to non-protectible ideas or stock story elements flowing therefrom.

In sum, a simple review of the works will reveal that they are fundamentally dissimilar, that *Touch* in no way unlawfully appropriates any protectible elements of the Screenplay, and no discovery will change the content of the works. For these reasons, Fox intends to file a motion to dismiss Plaintiff's Complaint in its entirety, and therefore requests a pre-motion conference.

Respectfully submitted,

Jonathan Zavin
Partner

cc: Taso Pardalis, Esq. (*via email*)
Joseph D. Nohavicka, Esq. (*via email*)